**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **RICHARD W. PORTER, JR.,**  )<br><br>  )<br>  **Plaintiff,**  )<br><br>  )<br>  **v.**  )<br><br>  )<br>  **SOCIAL SECURITY ADMINISTRATION,**  )<br>  **et al.,**  )<br><br>  )<br>  **Defendants.**  ) | **CIVIL ACTION**<br>**NO. 24-40061-MRG** |

**MEMORANDUM & ORDER**
**August 9, 2024**

**GUZMAN, D.J.**

In this action, plaintiff Richard W. Porter, Jr., who is confined to the Worcester Recovery Center and Hospital ("WRCH") and is representing himself, alleges that his social security benefits were wrongfully terminated on May 19, 2019 and November 12, 2020.   Plaintiff did not pay the filing fee nor seek leave to proceed *in forma pauperis*.  The case caption of the one-page complaint identifies the defendants as the Social Security Administration, WRCH, and Kathleen Wenzel.  The complaint was transmitted to the Commissioner of Social Security under Rule 4 of the Federal Rules of Civil Procedure's Supplemental Rules of Social Security Actions under 42 U.S.C. § 405(g).

For the reasons set forth below, the Court ALLOWS the Commissioner's motion to dismiss, dismisses the remaining defendants and DENIES AS MOOT the remaining motions.

**I.      Standard of Review**

When  a plaintiff proceeds without legal representation, the Court must construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).  Even so, a complaint "must provide 'a short and

plain statement of the claim showing that the pleader is entitled to relief.'"  *Cardigan Mountain*

*Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015)(quoting Fed. R. Civ. P. 8(a)(2)).  But under

Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an

action arguing that it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P.

12(b)(6).

To survive a motion to dismiss, the complaint must state a claim that is plausible on its

face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the "[f]actual

allegations must be enough to raise a right to relief above the speculative level, ... on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555

(citations omitted).  Dismissal is appropriate if the complaint fails to set forth "factual

allegations, either direct or inferential, respecting each material element necessary to sustain

recovery under some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir.

2008) (quoting *Centro Medico del Turabo Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir.

2005)).

On a motion to dismiss made pursuant to Rule 12(b)(6), the factual allegations in the

complaint are accepted as true, and the Court draws "all reasonable inferences in favor of the

plaintiff."  *Trans-Spec Truck Serv. v. Caterpillar, Inc.*, 524 F.3d 315, 320 (1st Cir. 2008) (citing

*Garita Hotel Ltd. P'ship. v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir. 1992)).

II.     **Analysis**

To the extent Porter seeks to recover benefits from the Social Security Administration,

under 42 U.S.C. § 405(g), an individual may only seek judicial review of a "final decision" of

the Social Security Administration Commissioner.  *See* 42 U.S.C. § 405(g).  Section 405(h)

provides that § 405(g) is the sole avenue to judicial review under the Social Security Act. *See* 42

U.S.C. § 405(h) ("[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed ... except as herein provided").

A plaintiff must receive a "final decision" before seeking judicial review  *See Wilson v. Sec'y of Health & Human Servs.*, 671 F.2d 673, 677 (1st Cir. 1982) (noting that a claimant must exhaust administrative remedies on the denial of benefits, and obtain a final decision of the Commissioner before seeking relief in federal court).  Although a failure to receive that decision is waivable by the Social Security Administration and thus non-jurisdictional, without any such waiver the proper vehicle for dismissal is Fed. R. Civ. P. 12(b)(6) because the court lacks the statutory power to grant relief.  *See Smith v. Berryhill*, 139 S. Ct. 1765, 1773-74 (2019); *Dunn v. Comm'r of Soc. Sec.*, 832 F. App'x 62, 63 (2d Cir. 2020).  When the complaint fails to allege that a plaintiff has received a final decision from the Social Security Administration, dismissal is required.  *See, e.g., Diaz v. Soc. Sec. Admin.*, 2021 WL 5610926, at *1 (D. Mass. July 15, 2021); *O'Donoghue v. U.S. Soc. Sec. Admin.*, 828 F. App'x 784, 788 (2d Cir. 2020).

Here, plaintiff's complaint, as well as his subsequent motions, do not allege that he has exhausted his administrative remedies as required by Section 405(g).  Defendant correctly notes that plaintiff's claim is "inextricably intertwined" with a claim for Social Security benefits even though plaintiff is not challenging a specific decision.  Docket No. 11 at n. 4.  Here, the defendant has not waived the requirement that plaintiff exhaust his administrative remedies and therefore Porter's claim for benefits will be dismissed without prejudice.

To the extent the complaint identifies the WRCH and Kathleen Wenzel as defendants, there are no allegations in the body of the complaint against these defendants.  The Court's records indicate that Porter has previously brought suit against WRCH and Wenzel.  *See Porter v Wenzel*, C.A. No. 24-40045-MRG (dismissed June 21, 2024) (collecting cases).  On June 24, 2024, Porter was enjoined from commencing any new action in the District of Massachusetts

without obtaining written leave of Court do so.  *Porter v Malden District Court, et al.*, C.A. No. 24-40068-MRG.  Although the Court generally affords a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, leave to amend is not required where it would be futile.  *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (explaining that futility means that "the complaint, as amended, would fail to state a claim upon which relief could be granted").

## III.     Conclusion

For the reasons set forth above, the Court hereby orders:

1.      The motion to dismiss is ALLOWED.

2.      The remaining motions are DISMISSED AS MOOT.

3.      The Clerk shall enter a separate order of dismissal.

**So Ordered.**

 /s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: August 9, 2024

4